LAZARD

LAZARD FRÈRES & CO. LLC
190 S. LASALLE
31ST FLOOR
CHICAGO, IL 60603
PHONE 312-407-6600
FAX 312-407-6620
www.lazard.com

September 28, 2008

Pilgrim's Pride Corporation
4845 US Hwy 271 N
Pittsburg, TX 75686-0093

Dear Ladies and Gentlemen:

This letter agreement (the "Agreement") confirms the understanding and agreement between Lazard Frères & Co. LLC ("Lazard") and Pilgrim's Pride Corporation and its controlled subsidiaries (collectively with any entity formed or used for the purposes set forth herein, the "Company").

*Assignment Scope:*

The Company hereby retains Lazard as its investment banker to provide the Company with general restructuring advice and to advise it in connection with any Restructuring, Sale Transaction and/or DIP Financing (each as defined below) on the terms and conditions set forth herein. As used in this Agreement, the term "Restructuring" shall mean, collectively, any restructuring, reorganization (whether or not pursuant to Chapter 11 of the United States Bankruptcy Code) and/or recapitalization of all or a significant portion of the Company's outstanding indebtedness (including bank debt, bond debt, and other on and off balance sheet indebtedness), trade claims, leases (both on and off balance sheet), litigation-related claims and obligations, unfunded pension and retiree medical liabilities, and other liabilities (collectively, the "Existing Obligations") that is achieved, without limitation, through a solicitation of waivers and consents from the holders of Existing Obligations (collectively, the "Stakeholders"); rescheduling of the maturities of Existing Obligations; a change in covenants (other than waivers or other changes that solely provide short-term relief) or interest rates (if as part of a larger Restructuring); repurchase, refinancing, settlement or forgiveness of Existing Obligations; conversion of Existing Obligations into equity; an exchange offer involving the issuance of new securities in exchange for Existing Obligations; the issuance of new securities, sale or disposition of assets, sale of debt or equity securities or other interests; or other similar transaction or series of transactions. By signing this Agreement, we hereby accept our appointment as your investment banker under the terms hereof.

*Description of Services:*

1. Lazard agrees, in consideration of the compensation provided in Section 2 below, to perform such of the following investment banking services as the Company may reasonably request:

    (a) Reviewing and analyzing the Company's business, operations and financial projections;

PARIS LONDON NEW YORK AMSTERDAM ATLANTA BERLIN BOMBAY CHICAGO FRANKFURT HAMBURG HONG KONG HOUSTON
LOS ANGELES MADRID MILAN MONTREAL NEW DELHI ROME SAN FRANCISCO SEOUL SINGAPORE STOCKHOLM SYDNEY TOKYO TORONTO

LAZARD

Pilgrim's Pride Corporation
September 28, 2008
Page 2

(b) Evaluating the Company's potential debt capacity in light of its projected cash flows;

(c) Assisting in the determination of a capital structure for the Company;

(d) Assisting in the determination of a range of values for the Company on a going concern basis;

(e) Advising the Company on tactics and strategies for negotiating with the Stakeholders;

(f) Rendering financial advice to the Company and participating in meetings or negotiations with the Stakeholders and/or rating agencies or other appropriate parties in connection with any Restructuring;

(g) Advising the Company on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to the Restructuring;

(h) Assisting the Company in preparing documentation within our area of expertise that is required in connection with the Restructuring;

(i) Assisting the Company in identifying and evaluating candidates for a potential Sale Transaction, advising the Company in connection with negotiations and aiding in the consummation of a Sale Transaction[1];

(j) Attending meetings of the Company's Board of Directors and its committees with respect to matters on which we have been engaged to advise you, and providing the Company's Board of Directors and its committees with advice with respect to such matters;

(k) Advising and assisting the Company in evaluating and obtaining potential DIP Financing;

(l) Providing testimony, as necessary, with respect to matters on which we have been engaged to advise you in any proceeding before the Bankruptcy Court; and

(m) Providing the Company with other financial restructuring advice.

---

[1] As used in this Agreement, the term "Sale Transaction" means any transaction or series of transactions involving (a) an acquisition, merger, consolidation, or other business combination pursuant to which the business or assets of Pilgrim's Pride Corporation are, directly or indirectly, combined with another company; (b) the acquisition, directly or indirectly, by a buyer or buyers (which term shall include a "group" of persons as defined in Section 13(d) of the Securities Exchange Act of 1934, as amended) of equity interests or options, or any combination thereof, constituting a majority of the then outstanding stock of Pilgrim's Pride Corporation or possessing a majority of the then outstanding voting power of Pilgrim's Pride Corporation; (c) any other purchase or acquisition, directly or indirectly, by a buyer or buyers of a majority of the assets, securities or voting power of Pilgrim's Pride Corporation (any of (a), (b) or (c), a "Majority Sale Transaction") or (d) any purchase or acquisition, directly or indirectly, by a buyer or buyers of a minority of the assets of Pilgrim's Pride Corporation, including any such transaction involving a subsidiary of Pilgrim's Pride Corporation that comprises a minority of the assets of Pilgrim's Pride Corporation (a "Minority Asset Sale Transaction").

LAZARD

Pilgrim's Pride Corporation
September 28, 2008
Page 3

*Fees:*

2. As consideration for the services to be provided, the Company agrees to the following:

(a) The Company shall pay Lazard a monthly fee of $250,000 (the "Monthly Fee"), payable on execution of this Agreement and on the same day of each month thereafter until the earlier of the completion of the Restructuring or the termination of Lazard's engagement pursuant to Section 10. One-half of the Monthly Fees paid in respect of any months following the fourth month of this engagement shall be credited against the Restructuring Fee (i.e. after $1 million in Monthly Fees have been paid, $125,000 (per month) of any subsequent Monthly Fees paid shall be credited against the Restructuring Fee).

(b) In the event that a Restructuring consummates outside of bankruptcy court, the Company shall pay Lazard a fee, payable upon the consummation of such Restructuring, as follows:

(i) if the voting and economic interest in the Company (as measured immediately before and immediately after a Restructuring) held by the holders of the Company's common stock (the "Common Stockholders") is not diluted as a result of the Restructuring, the fee shall be $10 million;

(ii) if the voting or economic interest in the Company (as measured immediately before and immediately after a Restructuring) held by the Common Stockholders is diluted as a result of the Restructuring, the fee, in millions of dollars, shall be as follows:

| Dilution Percentage | Fee |
|---|---|
| I.   > 0% <= 10% | $9.00 |
| II.  > 10% <=20% | $8.75 |
| III. > 20% <=30% | $8.50 |
| IV.  > 30% <=40% | $7.50 |
| V.   > 40% <=50% | $7.25 |
| VI.  > 50% | $7.00 |

(c) In the event that a Restructuring consummates pursuant to bankruptcy proceedings, the Company shall pay Lazard a fee of $6.5 million, payable upon the consummation of such Restructuring; provided, however, that if a Restructuring is to be completed through a "pre-packaged" or "pre-arranged" plan of reorganization, the fee shall be earned and shall be payable upon the earlier of (i) execution of a definitive agreement with respect to such plan and (ii) delivery of binding consents to such plan by a sufficient number of stakeholders to bind the stakeholders to the plan; provided, further, that in the event that Lazard is paid a fee in connection

LAZARD

Pilgrim's Pride Corporation
September 28, 2008
Page 4

- with a "pre-packaged" or "pre-arranged" plan and such plan is not consummated, Lazard shall return such fee to the Company.

(d) In the event of a Majority Sale Transaction, any such transaction shall be treated like a Restructuring for purposes of this Section 2, and, as such, (i) the Company shall pay Lazard a fee pursuant to clause (b) above upon the consummation of any such transaction outside of bankruptcy court or (ii) the Company shall pay Lazard a fee of $6.5 million upon the consummation of any such transaction pursuant to bankruptcy proceedings (or earlier if such transaction is to be completed through a "pre-packaged" or "pre-arranged" plan of reorganization as further described in clause (c) above). Any fee described in clause (b), (c) or (d) of this Section 2 shall be referred to herein as the "Restructuring Fee".

(e) In the event of any Minority Asset Sale Transaction, the Company shall pay Lazard a fee (a "MAS Transaction Fee"), payable upon consummation of such Minority Asset Sale Transaction, based on the Aggregate Consideration calculated as set forth in Schedule I hereto. Payment of such fees shall be credited against the Restructuring Fee. Notwithstanding the foregoing or anything contained herein to the contrary, a Minority Asset Sale Transaction shall not include (i) any sale of a minority of the Company's assets in which the Aggregate Consideration is less than $100 million (and Lazard shall not be required to perform any services in respect thereof) unless the Company requests (in writing) Lazard's services in respect thereof and Lazard so agrees (in writing) and (ii) any sale solely of the Company's Mexican operations (and Lazard shall not be required to perform any services in respect thereto) unless the Company requests (in writing) Lazard's services in respect thereof, in which case Lazard will provide such services and the applicable fees set forth herein shall apply.

(f) In connection with any debtor-in-possession financing received by the Company ("DIP Financing"), the Company shall pay Lazard a fee of $1 million (a "DIP Financing Fee"), payable upon the execution of a commitment letter or other similar document (including, without limitation, the transaction agreement, if no other document is executed prior thereto) in respect of such financing. Payment of such fee shall be credited against the Restructuring Fee.

(g) For the avoidance of doubt, if a Restructuring consummates outside of bankruptcy court, the aggregate fees payable hereunder will not exceed (i) $10 million plus (ii) the Monthly Fees that are not creditable against the Restructuring Fee, and if a Restructuring consummates pursuant to bankruptcy proceedings, the aggregate fees payable hereunder will not exceed (i) $6.5 million plus (ii) the Monthly Fees that are not creditable against the Restructuring Fee.