**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| **In re** | § § § § § § § § § § § | **Chapter 11** |
| **PILGRIM'S PRIDE CORPORATION,** *et al.*, | | **Case No. 08-45664 (DML)** |
| **Debtors.** | | |
| | | **JOINT ADMINISTRATION REQUESTED** |

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AND RULES 2014 AND 2016 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT
AND RETENTION OF LAZARD FRERES & CO. LLC AS INVESTMENT BANKER
FOR THE DEBTORS NUNC PRO TUNC TO THE COMMENCEMENT DATE**

Upon the application, dated December 1, 2008 (the "Application"), of Pilgrim's

Pride Corporation ("PPC") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors"),[1] pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ and retain Lazard Frères & Co. LLC ("Lazard") as investment bankers nunc pro tunc to the Commencement Date, on the terms set forth in that certain engagement letter between the Debtors and Lazard, dated as of September 28, 2008 (the "Engagement Letter"), and the related indemnification agreement between the Debtors and Lazard, dated as of September 28, 2008 (the "Indemnification Agreement" and, together with the Engagement Letter, the "Lazard Agreement"), copies of which are annexed to the Application as Exhibit B and C, all as more fully set forth in the Application; and upon consideration of the declaration of Daniel M. Aronson, Managing Director of Lazard, made on December 1, 2008 (the "Aronson Declaration"); and it appearing that Lazard neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that Lazard is a disinterested person, as that term is defined in section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties,[2] and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and the appearances of all interested parties having been noted in the record of the

---

[1] The Debtors in these cases are PPC; PFS Distribution Company; PPC Transportation Company; To-Ricos, Ltd.; To-Ricos Distribution, Ltd.; Pilgrim's Pride Corporation of West Virginia, Inc.; and PPC Marketing, Ltd.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

Hearing; and upon the record of the Hearing and all of the other proceedings had before the Court; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief sought in the Application is granted; and it is further

ORDERED that pursuant to 11 U.S.C. § § 327(a) and 328(a) and Bankruptcy Rules 2014(a) and 2016, the Debtors are authorized to employ and retain Lazard as their investment banker as of the Commencement Date on the terms set forth in this Order and the Lazard Agreement; and it is further

ORDERED that Lazard shall be compensated in accordance with the terms described in the Lazard Agreement pursuant to the standard of review under section 328(a) of the Bankruptcy Code and not subject to review under section 330 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that such compensation shall be subject to the approval of this Court, any order established in these chapter 11 cases setting forth procedures for interim compensation, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the further orders of this Court; provided, further, that none of the compensation payable to Lazard shall be deemed to constitute a "bonus" or fee enhancement under applicable law; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or the United States Trustee Guidelines or any other guidelines regarding submission and approval of fee applications, in light of the services to be provided by Lazard and the structure of Lazard's compensation pursuant to the

Engagement Letter, Lazard and its professionals shall be excused from any requirement to maintain time records, as set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or such orders or guidelines, in connection with the services to be rendered pursuant to the Engagement Letter; <u>provided</u>, <u>however</u>, that, at the Court's request, Lazard shall instead present to the Court records (in summary format) that contain reasonably detailed descriptions of those services provided to the Debtors, the approximate time expended in providing those services and the individuals who provided professional services; and it is further

ORDERED that the Debtors are authorized and required to indemnify, hold harmless, provide contribution to and reimburse Lazard, its affiliates, and Lazard's and its affiliates' respective directors, officers, members, agents, employees and controlling persons, and each of their respective successors, assigns, heirs and personal representatives, pursuant to the provisions of the Lazard Agreement, and the Indemnification Agreement is hereby approved; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of the Lazard Agreement and this Order during the pendency of these bankruptcy proceedings; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application, the Lazard Agreement or this Order, the terms of this Order shall govern.

### END OF ORDER ###