JUN 16 2009

U.S. ——— ————  Lynn
U.S. B—————— Judge

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHALL, CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| PILGRIM'S PRIDE CORPORATION, *et al.*, | § § | Case No. 08-45664 (DML) |
| Debtors. | § § § § | JOINTLY ADMINISTERED |

**ORDER PURSUANT TO SECTIONS 105(a), 363 AND 364 OF THE
BANKRUPTCY CODE FOR AUTHORIZATION TO ENTER
<u>INTO A DIP SURETY FACILITY</u>**
(Related to Docket No. [2138])

Upon the motion, dated June 5, 2009 (the "Motion"), of Pilgrim's Pride

Corporation ("PPC") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors"),[1] pursuant to sections 105(a), 363 and 364 of the Bankruptcy Code[2] for authorization to (i) enter into the DIP Surety Facility, having the terms set forth in the Term Sheet (and exhibits thereto) which is attached hereto as Exhibit A, (ii) provide Additional Collateral to secure the Debtors' obligations under the DIP Surety Facility, and (iii) assume the liabilities and obligations under the Prepetition Agreement, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the appearances of all interested parties having been noted in the record of the hearing (the "Hearing"); and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found that there are benefits to be realized from entering into the DIP Surety Facility, and potential harm and injury to the Debtors' estates if the relief requested is not granted; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and their creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

---

[1] The Debtors in these cases are PPC; PFS Distribution Company; PPC Transportation Company; To-Ricos, Ltd.; To-Ricos Distribution, Ltd , Pilgrim's Pride Corporation of West Virginia, Inc.; and PPC Marketing, Ltd.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that, pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized to enter into the DIP Surety Facility, having the terms set forth in the Term Sheet (and the exhibits thereto), and execute and deliver all documents as may be reasonably required by Liberty in connection therewith; and it is further

ORDERED that the Debtors are authorized, pursuant to section 364 of the Bankruptcy Code, to post Additional Collateral on the terms described in the Term Sheet; and it is further

ORDERED that the Debtors' assumption of the liabilities and obligations under the Prepetition Agreement is approved, allowed and shall be effective upon the closing of the DIP Surety Facility; and it is further

ORDERED that, pursuant to the Term Sheet, Liberty is authorized under Fed. R. Bankr. P. 3006, and shall, withdraw its proofs of claims filed in these chapter 11 cases and, immediately following the closing of the DIP Surety Facility, is directed to file with this Court a notice of withdrawal of such proofs of claim; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

### END OF ORDER ###