David W. Parham (15459500)
Clayton E. Bailey (00796151)
BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas  75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

Attorneys for Reorganized Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PILGRIM'S PRIDE CORPORATION, | § | Case No. 08-45664 (DML) |
| | § | |
| Debtor. | § | Jointly Administered |

**REPLY BRIEF IN SUPPORT OF REORGANIZED**
**DEBTORS' MOTION FOR SUMMARY JUDGMENT**
[Relates to Docket No. 6261]

Pilgrim's Pride Corporation ("Pilgrim's Pride") and its affiliated reorganized debtors in the above-referenced chapter 11 cases (collectively, as reorganized, the "Debtors")[1] file this Reply Brief in Support of Reorganized Debtors' Motion for Summary Judgment, and state as follows:

### I. Basis of reply

Claimants Larry and Eva Hardens' response to the Debtors' dispositive motion seeking the dismissal of the Hardens' claims under 7 U.S.C. § 192(a) of the Packers and Stockyards Act, 1921 ("PSA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 626 *et seq*. ("ADEA") ("Hardens' Response") fails to raise a genuine issue of material fact.  Indeed, in many

---

[1] The Reorganized Debtors in these cases are Pilgrim's Pride; PFS Distribution Company; PPC Transportation Company; To-Ricos, Ltd.; To-Ricos Distribution, Ltd.; Pilgrim's Pride Corporation of West Virginia, Inc.; and PPC Marketing, Ltd.

instance, the Hardens' Response fails to respond to many of the issues raised in the pending dispositive motion. Accordingly, the Court should enter summary judgment in favor of Pilgrim's Pride with respect to each of the Hardens' causes of action.

## II. Reply

A.  **The Hardens fail to raise a genuine issue of material fact necessitating the denial of Pilgrim's Pride's pending motion for summary judgment.**

The Court should grant Pilgrim's Pride's pending motion for summary judgment with respect to *all* of the Hardens' causes of action because the Hardens fail to satisfy their burden of establishing a genuine issue of material fact supporting their PSA and age-discrimination claims. Because Pilgrim's Pride carried its burden under Rule 56(c) (and the Hardens do not claim otherwise), the Hardens must set forth specific facts showing the existence of a genuine issue for trial. *Perez v. Anderson*, No. 4:07-CV-623-Y, 2010 U.S. Dist. LEXIS 132032, at * 4 (N.D. Tex. Dec. 14, 2010) (Means, J) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). "Whether an issue is 'genuine' is a determination of whether it is 'real and substantial, as opposed to merely formal, pretended, or a sham.'" *Id.* (citing *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the action under governing law." *Id.* (citing *Anderson*, 477 U.S. at 248). "No genuine issue of material fact exists if no rational trier of fact could find for the nonmoving party based on the evidence presented." *Id.* (citing *National Ass'n of Gov't Emp. v. City Pub. Serv. Bd.*, 40 F.3d 698, 712-13 (5th Cir. 1994)).

Additionally, no genuine issue of material fact exists if the Hardens simply show that there is "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 547 (1986). The mere existence of *some* alleged factual dispute between

the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 247-48. Also, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Finally, where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, summary judgment should be granted. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

Here, the Hardens fail to attach competent evidence in opposition to Pilgrim's Pride's dispositive motion. (*See* Dkt. Entry Nos. 6234, 6234-1.) Instead, the Hardens each signed a "verification" that references the Response that their attorney prepared and filed and aver that the Response is "true and correct to the best of" their "knowledge." (*Id.*) These verifications are insufficient to create a genuine issue of material fact sufficient to defeat Pilgrim's Pride's dispositive motion because sworn statements submitted in opposition to a motion for summary judgment must be based on the affiant's personal knowledge. Fed. R. Civ. P. 56(e); *Matherne v. Cytec Corp.*, No. 00-2937, 2002 U.S. Dist. LEXIS 6304, at ** 28-29 (E.D. La. Mar. 29, 2002) (concluding that affidavit attesting representations in the opposition to a motion for summary judgment were true to the best of her knowledge was insufficient to create a genuine issue of material fact); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 414 (1st Cir. 2000) (affidavit stating that opposition is "correct in all its parts to the best of my knowledge" was insufficient to defeat motion for summary judgment); *see also Amex v. Miller*, 184 F. Supp. 2d 566, 569-70 (N.D. Tex. 2002) (McBryde, J) (acknowledging that affidavit based on "the best of his knowledge" is insufficient).

The verifications also do not refer to a neat and orderly statement of facts in the Response. Instead, the verifications refer to the Response, which consists of a patchwork of argument and conclusory statements with no citation to any evidence. At least one other court in this Circuit, under similar circumstances, determined that such a sworn statement cannot defeat summary judgment. *Matherne*, 2002 U.S. Dist. LEXIS at ** 28-29. Accordingly, for this reason alone, the Court should dismiss with prejudice the Hardens' PSA and age-discrimination claims.

**B.     The Hardens do not refute Pilgrim's Pride's argument that the PSA claims should be dismissed.**

The Hardens asserted in their proof of claim that Pilgrim's Pride discriminated against them on the basis of the Hardens' age in violation of section 192(a) of the PSA. Pilgrim's Pride moved for summary judgment on this claim arguing that: (1) Pilgrim's Pride did not engage in any unfair, discriminatory or deceptive practices or devices with respect to the Hardens; (2) Pilgrim's Pride's alleged conduct did not result in an anticompetitive effect or likelihood thereof, which is an element of a section 192(a) claim per *Wheeler v. Pilgrim's Pride Corp.*, 591 F.3d 355, 357-363 (5th Cir. 2009) (en banc); and (3) the Hardens' allegations fell outside the scope of the PSA because they are contractual by nature and breach of contract claims do not constitute PSA claims. (*See* Brief in Support of Reorganized Debtors' Motion for Summary Judgment ("Debtors' Brf.") (Dkt. Entry No. 6055) at pp. 18-21.)

The Hardens' Response neither addresses nor rebuts these arguments. (*See generally* Brief in Response and Opposition to Debtor's Motion for Summary Judgment ("Cls' Resp.") (Dkt. Entry No. 6231).) In fact, the Hardens' Response does not respond to Pilgrim's Pride's dispositive motion as it relates to the PSA claims. Thus, summary judgment should be entered n favor of Pilgrim's Pride's concerning the Hardens' PSA claims.

**C.  The Hardens' claims of age-discrimination are legally and factually untenable; thus, summary judgment should be entered in favor of Pilgrim's Pride.**

As discussed below, the Hardens' Response fails to demonstrate a genuine issue of material fact regarding each of the two-steps necessary for maintaining viable age-discrimination claims. Specifically, no reasonable trier of fact could find that: (1) the Hardens are Pilgrim's Pride employees; and (2) the company terminated/rejected their poultry grower agreements because of the Hardens' age.

**1.  A reasonable trier of fact could not find that the Hardens are Pilgrim's Pride employees.**

The Hardens spend 8½ pages of their Response discussing various tests allegedly used to differentiate an employee from an independent contractor. (*See* Cls' Resp. at pp. 3-11). But the Hardens point to no facts in the record (or let alone apply such facts) to demonstrate that they are Pilgrim's Pride employees. (*Id.*) Instead, the Hardens make unsubstantiated and conclusory statements that they are Pilgrim's Pride's employees. (*See id.* at pp. 11-12.) Conclusory and unsubstantiated assertions, however, cannot defeat a motion for summary judgment. *Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Similarly, the Hardens neither refute the evidence in the record nor Pilgrim's Pride's arguments demonstrating that the Hardens were independent contractors. For instance, the Hardens do not contest the evidence proving that the Hardens were solely responsible for the supervision, management, direction and control of the day-to-day operation of their poultry farms. (*See* Debtors' Brf. at pp. 6-7.) The Hardens' silence is not surprising because they admitted during their deposition that they were in charge of the key and fundamental aspects of raising the flocks they were given and agreed that the success or failure of their poultry houses ultimately rested on their shoulders. (Appendix in Support of Reorganized Debtors' Motion for

Summary Judgment ("Debtor's App.") (Dkt. No. 6056) at Ex. A at 79:22–80:1, App. 29–30.) For instance, the Hardens agreed in their depositions that they were responsible for maintaining proper ventilation of their poultry houses, keeping the houses clean, maintaining appropriate temperatures for their flocks, culling birds they determined would not survive the grow-out period or be a productive bird, keeping their houses in proper working order, controlling pests and vermin, monitoring feed and watering systems to make sure that their flocks were properly nourished, keeping litter dry and removing caked litter, and maintaining generators to make sure they were functioning properly. (Debtors' App. at Ex. A at 68:11–23, 79:22–82:8, App. 24, 29–32; Ex. B at 44:1–46:7, App. 184–86.) Finally, the Hardens admitted that they are responsible for providing the tools essential to raising poultry. For example, the Hardens testified that Pilgrim's Pride does not own any of the Hardens' land, poultry houses, or farm equipment, and Pilgrim's Pride did not loan the Hardens any money in order for them to acquire those things. (Debtors' App. at Ex. A at 75:21–76:16, App. 26–27; Ex. B at 41:19–42:7, App. 182–83.)

The Hardens also do not refute other evidence in the record demonstrating that they are independent contractors. For instance, the evidence establishes that Pilgrim's Pride did not provide any of the benefits that an employer typically provides to its employees. Pilgrim's Pride, for example, did not withhold taxes on the Hardens' behalf, or provide the Hardens with health, dental, vision, or life insurance benefits. (Debtors' App. at Ex. A at 73:21–23, 75:8–20, App. 25–26; Ex. B at 41:4–18, App. 182.) Nor did Pilgrim's Pride provide any form of retirement benefits to the Hardens. (*Id.* at Ex. A at 75:15–17, App. 26; Ex. B at 41:15–16, App. 182.)

**2. Although the Hardens allege they are employees, their actions say otherwise.**

The Hardens fail to respond to the substantial evidence in the record showing that they know and recognize that they are not Pilgrim's Pride employees. For instance, the Hardens neither acknowledge nor dispute evidence in the summary judgment record demonstrating that:

- The Hardens never told anyone that they were Pilgrim's Pride employees. (Debtors' App. at Ex. A at 64:3–8, App. 23; Ex. B at 38:6–8, App. 181.)

- The Hardens admit that they did not apply for unemployment benefits when their contracts were terminated because they knew they were ineligible. (*Id.* at Ex. A at 76:25–77:4, App. 27–28; Ex. B at 42:8–18, App. 183.)

- The Hardens' federal income tax returns from 2004 to 2009, each of which was submitted to the U.S. Internal Revenue Service ("IRS") under penalties of perjury, reflect that the Hardens reported no wages, salaries, or tips, but paid self-employment taxes, and even claimed $52,374 in self-employed health insurance deductions. (*Id.* at Ex. A.16 at 1–2 ll.7, 29 & 56, App. 91–92; Ex. A.17 at 1–2 ll.7, 29 & 57, App. 110–11; Ex. A.18 at 1–2 ll.7, 29 & 58, App. 118–19; Ex. A.19 at 1–2 ll.7, 29 & 58, App. 126–27; Ex. A.20 at 1–2 ll.7, 29 & 58, App. 136–37; Ex. A.21 at 1–2 ll.7, 31 & 57, App. 149–50.)

- Mr. Harden admitted that the first page of the Hardens' 2009 tax return reflects that "I'm self-employed." (*Id.* at Ex. A at 133:9–11, App. 43.)

- The Hardens admit that, by reporting their farm profits on Schedule SE (the self-employment tax worksheet attached to Form 1040), they were telling the IRS that they were self-employed with respect to their farming operations. (*Id.* at Ex. A at 137:13–18, App. 44; Ex. B at 12:2–6, App. 171.)

- The Hardens agreed that the information they provided to the IRS was true and correct. (*Id.* at Ex. A at 131:11–24, 137:19–24, App. 42; Ex. B at 8:5–20, App. 170.)

The Hardens' silence is deafening.

**3. No reasonable trier of fact could find in favor of the Hardens' age-discrimination claims.**

If the Court concludes that a genuine issue of material fact exists as to whether the Hardens are Pilgrim's Pride employees, the Court should nevertheless grant summary judgment in the company's favor because the Hardens failed to raise a genuine issue of material fact

demonstrating that Pilgrim's Pride discriminated against them based on their age. Although the Hardens attempt to avoid summary judgment by alleging that "Pilgrim's Pride wrongfully terminated their poultry grower agreements on account of their age" and that the company's manager, Brad Nance, "[o]n repeated occasions, . . . commented on the Claimants' ages and encouraged them to retire" (Cls' Resp. at p. 12), these unsubstantiated conclusory allegations do not save their age-discrimination claims.

First, despite referencing "repeated occasions" of improper comments, the *only comment* the Hardens could muster allegedly in support of their age-discrimination claim is Mr. Nance's alleged statement "in early 2008" that "Mr. Harden 'just go ahead and retire.'" (Cls' Resp. at p. 12.) But the Hardens concede in their Response that Mr. Nance was not talking about Mr. Harden (or let alone Ms. Harden), but rather Mr. Harden's poultry houses. (*Id.* ("PPC's manager effectively asserted that Mr. Harden was to old to effectively compete with the newer poultry houses.")) Apparently, the Hardens agreed with Mr. Nance's statements because they admit in their Response that they "voluntarily took" their respective "poultry houses out of production to enhance and improve them, . . . ." (*Id.* at 12.) The Hardens also admit in their Response that after improving their poultry houses, Pilgrim's Pride placed poultry on the Hardens' poultry farms. (*Id.* at 12 ("upon referring to production in late 2008 and early 2009, the Claimants' four poultry houses did effectively compete with the newer houses.") These allegations do not give rise to a viable age-discrimination claim. Indeed, the Hardens' contentions abrogate their arguments because if Pilgrim's Pride were discriminating against the Hardens based on their ages, the company would not have delivered birds after the renovations and instead refused to deliver birds to the Hardens' poultry farms regardless of whether the poultry houses were updated or not.

**REPLY BRIEF IN SUPPORT OF REORGANIZED DEBTORS'**
**MOTION FOR SUMMARY JUDGMENT—Page 8**

Second, besides arguing themselves out of this Court, the Hardens also do not refute the numerous legitimate bases Pilgrim's Pride had for terminating/rejecting the Hardens' contracts: (1) the Hardens' poor performance; (2) the Hardens' material breaches of their poultry grower agreements; (3) the Hardens' repeated animal welfare violations; and (4) economic necessity. (*See* Debtor's Brf. at pp. 10-17.) By failing to respond to this evidence, the Hardens fail to raise a genuine issue of material fact that each of Pilgrim's Pride's reasons for terminating their poultry grower agreements was false and that age-discrimination was the real reason for terminating their contracts. Accordingly, no reasonable trier of fact could infer intentional discrimination and thus Pilgrim's Pride is entitled to summary judgment as a matter of law as to the Hardens' age-discrimination claims. *Hervey v. Miss. Dep't of Educ.*, No. 10-60096, 2010 U.S. App. LEXIS 25394, at ** 6-7 (5th Cir. Dec. 13, 2010); *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399-400 (5th Cir. 2000); *Licausi v. Symantec Corp.*, 378 Fed. App.'x 964, 965 (11th Cir. 2010) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)).

D.  **The Hardens' complaints filed with the agencies do not defeat summary judgment.**

The Hardens' Response refers to complaints filed with the United States Department of Agriculture, Grain Inspection, Packers and Stockyards Administration ("GIPSA") and the United States Equal Employment Opportunity Commission ("EEOC"). (Cls' Resp. at p. 13.) But these complaints do not defeat the pending dispositive motion because they are nothing more than unproven allegations. Further, there is no evidence that either agency has determined that Pilgrim's Pride did anything wrong as it relates to the termination of the Hardens' contracts.

E.  **The Hardens do not contest that they waived any right to recover the type of consequential, lost-profits damages they are seeking.**

The Hardens do not refute that their poultry grower agreements expressly exclude any non-compensatory damages, including any special, incidental, indirect, or

consequential damages. (*See* Debtor's App. at Ex. A.3 § H(14), App. 60–61; Ex. B.17 § H(14), App. 197.) The Hardens also do not contest the case law cited in Pilgrim's Pride's dispositive motion establishing that this waiver is enforceable and bars the damages that Hardens are requesting. *See* PPC's MSJ Brief at pp. 24-25. Instead of refuting the facts and the law, the Hardens merely assert the following conclusory statement without citation to any evidence:

> Claimants acknowledge that the grower agreements, on their face, could have been terminated for a proper cause or for economic uncertainty. That the agreements were terminated for an improper causes raises other concerns. The Claimants, in good health and performing over the last five grow outs in an above-average range, reasonably expected to continue to work for PPC.

(Cls' Resp. at p. 14.) This assertion is not enough to survive summary judgment.

Notice of this Brief in Support of the Reply has been provided to: (1) the U.S. Trustee; (2) the names and addresses where notices should be sent as listed on the Proofs of Claim; and (3) the Master Service List filed with this Court. No other or further notice need be provided.

Dated: January 11, 2011
      Dallas, Texas

                              /s/ Clayton E. Bailey
                              David W. Parham (15459500)
                              Clayton E. Bailey (00796151)
                              BAKER & McKENZIE LLP
                              2300 Trammell Crow Center
                              2001 Ross Avenue
                              Dallas, Texas 75201
                              Telephone: (214) 978-3000
                              Facsimile: (214) 978-3099

                              Attorneys for Reorganized Debtors

DALDMS/690127.1