David W. Parham (15459500)
Clayton E. Bailey (00796151)
BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-3099

Attorneys for Reorganized Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** § | § | **Chapter 11** |
| **PILGRIM'S PRIDE CORPORATION,** § | § | **Case No. 08-45664 (DML)** |
| **Debtor.** § | § | **Jointly Administered** |

**REORGANIZED DEBTORS' BRIEF IN  SUPPORT OF REORGANIZED DEBTORS'
(A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR
SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED
ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI
HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION
TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE
<u>CLAIMS OR AMENDMENT OF PROOF OF CLAIM</u>**
[Relates to Docket No. 6077, 6078, 6079, 6190, 6191, and 6192]

## TABLE OF CONTENTS

I. BASIS OF REPLY AND RESPONSE TO TARDY FILED MOTIONS ......................... 1

II. ARGUMENTS AND AUTHORITIES IN SUPPORT OF REPLY .................................. 2

    A. The Untimely Growers cannot demonstrate "Excusable Neglect" ........................ 2

    B. Permitting amendment would be futile ................................................................ 8

    C. The administrative claims were untimely and relation back is not appropriate ........................................................................................................... 10

III. ARGUMENTS AND AUTHORITIES IN SUPPORT OF RESPONSE ......................... 11

IV. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES
# FEDERAL CASES

*In re Am. Classic Voyages Co.*, 405 F.3d 127 (3d Cir. 2005) ....................................... 6, 7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................. 3, 4, 5

*In re Au Coton, Inc.*, 171 B.R. 16 (S.D.N.Y. 1994) ........................................................... 6

*Bauer v. Dean Morris, L.L.P.*, 2010 U.S. Dist. LEXIS 114301 (E.D. La. Oct. 18, 2010) ............................................................................................................................. 8

*Briggs v. Mississippi*, 331 F.3d 499 (5th Cir. 2003) ........................................................... 8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................... 2

*In re Dortch*, No. 07-45041-DML-13, 2009 Bankr. LEXIS 3789 (N.D. Tex. Dec. 1, 2009) ......................................................................................................................... 10

*Gonzalez v. Lopez*, No. 07-593-M (BH), 2008 U.S. Dist. LEXIS 109653 (N.D. Tex. Jan. 23, 2008) ...................................................................................................... 6

*Graphic Commc'ns Int'l Union Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001) .......................................................................................... 2

*Highlands Ins. Co., Inc. v. Alliance Operating Corp.*, 60 F.3d 1174 (5th Cir. 1995) ........................................................................................................................... 10

*In re Kolstad*, 928 F.2d 171 (5th Cir. 1991) ..................................................................... 10

*Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 547 (1986) ................................ 3

*Parish v. Frazier*, 195 F.3d 761 (5th Cir. 1999) ................................................................. 8

*Pioneer Inv. Serv. Co. v. Brunswick Assoc, Ltd. P'ship*, 507 U.S. 380 (1993) ............... 2, 3

*Rio Grande Royalty Company, Inc. v. Energy Transfer Partners, L.P., F.3d.*, 2010 U.S. App. LEXIS 19229, 2010 WL 3565192 (5th Cir. September 15, 2010) ............................................................................................................................. 8

*In re Spirit of Prayer Ministries, Inc.*, 2009 Bankr. LEXIS 2690 ...................................... 2

*Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863 (5th Cir. 2000) ..................... 8, 9

*United States v. Johnston*, 267 B.R. 717 (N.D. Tex. 2001) ............................................. 10

-iii-

*United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004) .................................................. 2

## FEDERAL STATUTES

Fed. R. Bankr. P. 9006(b)(1) ............................................................................................. 2

Fed. R. Civ. P. 15 ................................................................................................... 1, 10, 12

Fed. R. Civ. P. 15(a)(2) ..................................................................................................... 8

Fed. R. Civ. P. 56(c) ......................................................................................................... 3

Pilgrim's Pride Corporation ("Pilgrim's Pride") and its affiliated reorganized debtors in the above-referenced chapter 11 cases (collectively, as reorganized, the "Debtors")[1] files this Brief (the "Reply Brief") in Support of their (A) Reply in Support of Motion for Summary Judgment based on Untimely and Discharged Administrative Expense Claims of Richard Henderson, Lori Henderson, and Camp Branch Farms (the "Motion for Summary Judgment"), and (B) Response (the "Response") in opposition to Motions to permit tardy filing of administrative expense claims or amendment of proof of claim (the "Tardy Filed Motions") and would show the Court the following:

I. **BASIS OF REPLY AND RESPONSE TO TARDY FILED MOTIONS**

The Untimely Growers[2] do not dispute that they received the Administrative Bar Date Notice. The Untimely Growers also do not dispute that they failed to file an administrative expense claim by the Administrative Bar Date. They, however, assert that their failure should be excused because (a) their failure was attributable to excusable neglect on the part of counsel; or (b) their claims relate back to claims filed by *wholly unrelated* contract poultry growers who did timely file their administrative expense claims pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15. Neither of these arguments hold water.

Assuming *arguendo,* the truth of the reason the Untimely Growers assert for failing to file a timely claim, the Untimely Growers have failed as a matter of law to establish excusable neglect. Relation back under FEDERAL RULE OF CIVIL PROCEDURE 15 is likewise simply inapplicable to these facts. Finally, permitting amendment would be futile in view of the fact that

---

[1] The Reorganized Debtors in these cases are Pilgrim's Pride; PFS Distribution Company; PPC Transportation Company; To-Ricos, Ltd.; To-Ricos Distribution, Ltd.; Pilgrim's Pride Corporation of West Virginia, Inc.; and PPC Marketing, Ltd.

[2] Capitalized terms not defined herein shall have the meaning ascribed to that term in the Motion for Summary Judgment.

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 1**

the Untimely Growers have never pled facts specific to them that would support a recovery and, to the contrary, have testified the Debtors never lied or misled them. Summary judgment thus should be entered against the Untimely Growers on their administrative expense claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II. ARGUMENTS AND AUTHORITIES IN SUPPORT OF REPLY

### A. The Untimely Growers cannot demonstrate "Excusable Neglect"

Bankruptcy Rule 9006(b)(1) provides that a court may, at its discretion, allow a late filed claim "where the failure to act was the result of excusable neglect." Notwithstanding their argument to the contrary, the Untimely Growers can not have their administrative expense claims allowed on the basis of excusable neglect.

In *Pioneer Inv. Serv. Co. v. Brunswick Assoc, Ltd. P'ship*, 507 U.S. 380, 395 (1993), the United States Supreme Court stated that the determination of whether "excusable neglect" exists for purposes of Rule 9006(b)(1) is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." The Supreme Court has provided a list of factors for determining whether a claimant's failure to comply with the bar date was due to excusable neglect.

But by far the most important factor is the reason for the delay. *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) ("fault in the delay…[is] perhaps the most important single factor"); *Graphic Commc'ns Int'l Union Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) (reason for delay always a critical factor); *In re Spirit of Prayer Ministries, Inc.*, 2009 Bankr. LEXIS 2690, at *5-6 ("[t]he parties quite properly have focused on…whether Cohee has delayed unreasonably").

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 2**

In *Pioneer*, the Supreme Court instructed that the issue for a court to decide is whether the claimant "**did all he reasonably could to comply with the court ordered bar date**." 507 U.S. at 396 (emphasis added). Based on the undisputed facts relating to the filing of the claim and request for leave to file the claim and the proffered reason for the delay, the Untimely Growers have not raised a *genuine* issue of material fact that would support having their claims deemed timely-filed, thus the Motion for Summary Judgment must be granted and the Untimely Growers' Tardy Filed Motions should be denied. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 547, 586-7 (1986)("[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-8 (1986)("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." )(emphasis added).

Each of the Untimely Growers, and counsel, were sent the Administrative Bar Date Notice, which stated in bold in the original:

> **if you are required to file an Administrative Expense…and fail to do so by February 26, 2010, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim …and the Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

The Bar Date to file administrative expense claims was February 26, 2010. The Second Amended Douglas Motion was filed on March 9, 2010. Significantly, however, the Untimely

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 3**

Growers failed to seek leave of court to have their administrative expense claims be deemed timely filed until **December 29, 2010**.

Rather than seek court approval to add the Untimely Growers, in addition to the numerous other parties whose claims have since been dismissed for other reasons,[3] counsel for the Untimely Growers slyly attempted to sneak their claims in by burying them in the Second Amended Douglas Motion with the mass of other parties whose claims were actually timely-filed, and sheepishly explaining the amendment which was the purpose of adding those growers, by way of a footnote.

Recognizing the inherent problem with having numerous untimely claimants attempting to latch onto another creditor's timely filed pleading after the Administrative Bar Date, the Debtors immediately contacted counsel for the Untimely Growers by electronic mail dated March 12, 2010 to request that the administrative expense claims filed by all the new parties be withdrawn (the "Initial Communication"). *See*, Affidavit of Elliot D. Schuler (the "Schuler Affidavit") which is attached hereto as Exhibit A. Counsel for the Untimely Growers chose not to respond to the Initial Communication, ignoring the issue in its entirety.

After receiving no response to the Initial Communication, the Debtors filed their Response in Opposition to the Second Amended Douglas Motion on March 29, 2010 [See Docket No. 4965]. *Id* at ¶4. Within the Response to the Second Amended Douglas Motion, the Debtors, among other things, objected to the claims of all of the new parties, including the

---

[3] Specifically the Second Amended Douglas Motion added as movants Richard Henderson, Lori Henderson, Camp Branch Farms, Samuel Adam Henderson, Regina L. Henderson, Henderson Farms, Otis S. Lyons, Jessica M. Lyons, S&J Farms, Wade H. McKinnon, Cheri McKinnon, Hamp McKinnon Farms, H&M Farms, John A. Tillman, John A. Tillman Farm, Randall Wright, and Betty Jo Wright.

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 4**

Untimely Growers, as constituting an improper and untimely amendment to other parties' timely application.

On August 20, 2010, the Debtors again contacted counsel for the Untimely Growers regarding the lack of progress on withdrawing the untimely administrative expense claims (the "Second Communication"). *Id* at ¶5.

After receiving no response to the Second Communication, the Debtors inquired yet a third time during a telephone conversation where the parties selected those Douglas growers who would be designated for trial. *Id* at ¶6. Counsel for the Untimely Growers indicated that she would not agree to withdraw the claims. No reason was provided. *Id.*

Counsel for the Untimely Growers was put on notice in (a) the Initial Communication, (b) the Response to the Second Amended Douglas Motion, (c) the Second Communication and (d) during designation of those Douglas growers to proceed to trial, that the purported amendment was insufficient and impermissible. Nonetheless, no request was filed with the court to have those claims deemed timely filed until counsel was faced with a summary judgment motion.

In the Tardy Filed Motions, wherein they finally seek leave to have their claims deemed timely filed on the basis of excusable neglect, counsel admits and asserts for the first time that "in the process of transferring the names of the Douglas growers from other documents to the administrative expense claims, the Hendersons (and a few other growers) were inadvertently omitted." *See* Response at ¶17. In the nine months that passed between the Initial Communication and the Response, counsel never once mentioned this alleged oversight. *See* Schuler Affidavit at ¶6.

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 5**

The burden of proving excusable neglect is on the party seeking an enlargement of time to file. *Gonzalez v. Lopez*, No. 07-593-M (BH), 2008 U.S. Dist. LEXIS 109653, at *14 (N.D. Tex. Jan. 23, 2008). Counsel attempts to shift the burden by inexplicably arguing that notwithstanding repeated requests to withdraw the "claims," the Debtors allegedly recognize that the Untimely Growers were intended to be included on the Douglas Motion and the First Amended Douglas Motion. *See* Response at ¶11. In support of this assertion, the Untimely Growers argue that the Debtors terminated their contracts after the bankruptcy filing. *Id*. However, while the post bar date rejection of a contract might give rise to the expectation of a prepetition claim for 30 days, rejection would not give rise to an expectation of a post-petition claim. That is particularly true in this case since rejection damage claims were settled and released and the rejection was specified to have occurred as of the Commencement Date.

As indicated throughout the Motion for Summary Judgment on all Future Damages Claims Because Such Claims are Barred by Settlement and Release, Accord and Satisfaction, Judicial Estoppel, Equitable Estoppel and do not Qualify for Administrative Expense Priority (the "Release Motion"), the Debtors believed that claims for lost profits and alleged destruction of value which presumably is what the Untimely Growers are seeking through their administrative expense claims, were **released** by the Second Grower Settlement Agreement.

The fact of the matter is that the Untimely Growers neglected the Administrative Bar Date Notice, ignored counsel for the Debtors, and their neglectful conduct is not "excusable". *See In re Au Coton, Inc.*, 171 B.R. 16 (S.D.N.Y. 1994) (late proof of claim was properly disallowed by Bankruptcy Court because simple carelessness on part of the claimant did not constitute excusable neglect); *see also In re Am. Classic Voyages Co.*, 405 F.3d 127, 134 (3d Cir.

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 6**

2005) (creditor's failure to appreciate the significance of the bar date notice was "entirely avoidable and within [creditor's] control," and the "**direct result of the negligence of [creditor's] counsel**," and thus did not constitute "excusable delay").

    This exact rationale was recently followed in this bankruptcy case. With regard to a prior motion to allow late-filed administrative claim this Court denied such a request where the ability to file an administrative expense claim was under the control of counsel for the claimant. *See* Order Denying Motion of Linda Rush for Leave from Order Confirming Debtors' Joint Amended Plan of Reorganization and Relief from Plan Injunction to File Administrative Expense Claim [Docket No. 5915]. In evaluating the motion filed by Ms. Rush, the Court found that she was represented by counsel, and that counsel had notice of the Debtors' bankruptcy case and the administrative expense claims bar date and knew Ms. Rush was asserting a claim against a chapter 11 debtor and therefore should have known that proceedings in the Debtors' bankruptcy case could impact that claim. Given that background the Court found that Ms. Rush had failed to prove excusable neglect for failing to file an administrative expense claim prior to the administrative expense claims bar date established in the Debtors' bankruptcy case.

    One significant difference between Ms. Rush and the Untimely Growers is that in the prior matter, Ms. Rush promptly sought leave of court when the issue arose. In the instant case, the Untimely Growers did nothing of the sort, despite receiving not one, not two, not three, not four, but **five notices** that their claims were untimely and not properly before the court. These requests date back to the Initial Communication in early March 2010. Notwithstanding the multiple notices, none of the Untimely Growers sought to have their claims deemed timely filed until ten months after the Administrative Bar Date, at a point in time when the matter was

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 7**

pressed on summary judgment by the Debtors.[4] Put simply, Ms. Rush had a stronger case for excusable neglect than the Untimely Growers although she was rightfully not successful.

**B.     Permitting amendment would be futile**

Pursuant to Rule 15(a)(2) of the FEDERAL RULES OF CIVIL PROCEDURE a party may amend its pleading with leave of court, and that such should freely be given, "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, leave to amend is by no means automatic. The decision lies within the discretion of the district court." *Bauer v. Dean Morris, L.L.P.*, 2010 U.S. Dist. LEXIS 114301 (E.D. La. Oct. 18, 2010)(quoting *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (internal quotations and citations omitted). "A district court does not abuse its discretion when it denies leave to amend because the amendment would be futile." *Id* (quoting *Rio Grande Royalty Company, Inc. v. Energy Transfer Partners, L.P.*,   F.3d., 2010 U.S. App. LEXIS 19229, *6, 2010 WL 3565192, at *2 (5th Cir. September 15, 2010), citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)).

An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Id* (quoting *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000)). Thus, "critical to the determination of whether leave should be granted to amend the complaint is an analysis of whether the amended complaint would fail to state a claim upon which relief could be granted." *Id*.

Permitting the amendment here would be futile. Even assuming that the names of the Untimely Growers were inadvertently omitted, as is now contended, the Second Amended

---

[4] Worse, counsel for the Growers appears to have acknowledged at the October 28, 2010 deposition that the matter was likely to be pressed on summary judgment by the Debtors, yet they still did nothing. *See*, Henderson Deposition at 199:25-203:7.

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 8**

Douglas Motion fails to contain any specific factual allegations for the Untimely Growers. Every other grower included in the Second Amended Douglas Motion has written an entire paragraph detailing the factual allegations in support of their administrative claims, albeit loosely based, unsubstantiated and vague in most cases. No allegations are made with respect to the Untimely Growers. Other than the introductory paragraph and the footnote, the Second Amended Douglas Motion is devoid of ***any*** specific allegations related to these Untimely Growers.

We now know why the Untimely Growers' fraud claims were not delineated within the Second Amended Douglas Motion. This is, as Claimant Henderson admitted with regard to Exhibit B to the Second Amended Douglas Motion, at his deposition on October 28, 2010, because they do not exist. *See*, Exhibit 2 to Response at 196:4-202:13.[5] When asked if he had a fraud claim against Pilgrim's Pride, Claimant Henderson refused to answer the question before conceding he did not know if Pilgrim's Pride committed fraud against him. *Id.* at 202:15-204:7.

While Claimant Henderson may attempt to dodge the question, his additional admissions therein preclude that. For instance, Claimant Henderson admits that the only Pilgrim's Pride employees he ever spoke with were the field representatives. *Id.* at 200:25-201:7. Claimant Henderson admits, however, that those field representatives never lied to him. *Id*. at 203:25-205:6. In particular, Claimant Henderson testified that those individuals were honest, never told him a falsehood, never knowingly lied to him and never tried to deceive him. *Id*. at 272:14-273:18, 275:19-25, 282:25-284:5. Since the claimant himself has admitted that he does not have

---

[5] Citations are not to specific page numbers because counsel failed to properly number the pages of the Appendix to the Response.

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 9**

a fraud claim, it would be a futile endeavor for this court to grant leave to amend, only to subsequently deny the claim at a later date.[6]

C. **The administrative claims were untimely and relation back is not appropriate**

Although the claimants argue that FEDERAL RULE OF CIVIL PROCEDURE 15 permits amendment of a claim after the bar date to add new parties, they have cited no relevant cases to support that proposition. *See* Response at ¶¶6-9. In fact, none of the cited cases even address whether an amendment after the bar date can add new parties. *See United States v. Johnston*, 267 B.R. 717 (N.D. Tex. 2001) (permitting the IRS—already a claimant in the case—to amend its claim after the bar date to add a claim against property the debtor had not disclosed in earlier bankruptcy filings); *In re Kolstad*, 928 F.2d 171 (5th Cir. 1991) (permitting the IRS to amend the proof of claim filed on its behalf by the debtor); *Highlands Ins. Co., Inc. v. Alliance Operating Corp.*, 60 F.3d 1174 (5th Cir. 1995) (permitting claimant to amend its proof of claim to change the claim from general unsecured status to priority status); *In re Dortch*, No. 07-45041-DML-13, 2009 Bankr. LEXIS 3789 (N.D. Tex. Dec. 1, 2009) (disallowing a claimant who had filed a claim before the bar date to amend that claim after the bar date because of the prejudice it would cause the unsecured creditors).

Rather, all of these cases relate to amendments of *claims* not the filing of new claims for new parties, and actually confirm that such an amendment is not permitted. *See In re Kolstad*, 928 F.2d at 173, 174 (noting that the bar dates serve a purpose, "they enable a debtor and his creditors to know, reasonably promptly, **what parties** are making claims against the estate and in what general amounts," and noting that the "bar dates **establish the universe of participants** in

---

[6] That date would likely be the same date this Motion for Summary Judgment is heard as the Debtors have concurrently sought summary judgment as to all of the Untimely Growers state law claims.

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 10**

the debtor's case") (emphasis added). Thus, the Court should not permit amendment to add the new claimants.

### III.  ARGUMENTS AND AUTHORITIES IN SUPPORT OF RESPONSE

The Debtors do not believe there is a genuine issue of material fact to defeat the Motion for Summary Judgment. Nevertheless, to the extent the Court finds otherwise, the Debtors incorporate and reassert herein all of their Arguments and Authorities in support of their Reply as detailed above, and request that the Tardy Filed Motions be set for an evidentiary hearing.

### IV.  CONCLUSION

The deadline for filing administrative expense claims against Pilgrim's Pride in the Bankruptcy Case was February 26, 2010. Despite receiving the Administrative Bar Date Notice, none of the Untimely Growers filed an administrative expense claim by the Administrative Bar Date. They are thus forever barred, estopped, and enjoined from asserting such claims. Further, pursuant to the Confirmation Order and Plan, the claims were discharged and any judgment regarding those claims is of no effect and void.

Recognizing this the Untimely Growers have chosen to boot-strap their barred claims onto the timely applications of other unrelated parties. To permit the Untimely Growers' late claims as amendments would effectively open the door for other barred creditors to invent and file potential new claims under the guise of an amendment, effectively eliminating the certainty of the Administrative Bar Date. Based on the deposition testimony, the Untimely Growers do not even believe that they have a rightful claim to begin with.

Even if their excuses for failing to timely file are accepted as true, the Untimely Growers can not meet the legal standard for excusable neglect. The Untimely Growers went out of their

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 11**

way to conceal the late filing and intentionally avoided seeking court approval until the issue was presented by the Debtors for summary disposition. The dilatory actions of counsel are a death knell to the Untimely Growers' efforts to prove excusable neglect for failing to file a timely administrative expense claim. Furthermore, any argument for leave to amend is futile as the Untimely Growers have already admitted that the Debtors did not lie to them or commit any misrepresentation. Lastly, the arguments for relation back under Rule 15 should be disregarded as meritless.

To the extent the Court believes there is a genuine issue of material fact with regard to excusable neglect or amendment under Rule 15, the Debtors request that the Tardy Filed Motions be set for evidentiary hearing.

WHEREFORE, for the reasons stated above, the Debtors respectfully request that the Court (a) grant summary judgment ordering that the Untimely Growers take nothing on their administrative expense claims, (b) dismissing them with prejudice, (c) denying the Tardy Filed Motions; and (d) granting such other relief to which the Debtors may be justly entitled.

Dated: January 13, 2011
      Dallas, Texas

      /s/ David W. Parham
David W. Parham (15459500)
Clayton E. Bailey (00796151)
BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

Attorneys for Reorganized Debtors

DALDMS/690243.1

**REORGANIZED DEBTORS' BRIEF IN SUPPORT OF REORGANIZED DEBTORS' (A) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT MOTION FOR SUMMARY JUDGMENT BASED ON UNTIMELY AND DISCHARGED ADMINISTRATIVE EXPENSE CLAIMS OF RICHARD HENDERSON, LORI HENDERSON, AND CAMP BRANCH FARMS AND (B) RESPONSE IN OPPOSITION TO MOTIONS TO PERMIT TARDY FILING OF ADMINISTRATIVE EXPENSE CLAIMS OR AMENDMENT OF PROOF OF CLAIM – Page 12**