

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed April 28, 2011**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PILGRIMS PRIDE CORPORATION, *et al.*, | § | Case No. 08-45664-DML-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE AMENDED APPLICATION OF CRG PARTNERS GROUP LLC FOR UPWARD ADJUSTMENT TO <u>TRADITIONAL LODESTAR CALCULATION</u>

On June 1, 2010, the court held a hearing on the Amended Application of CRG Partners Group LLC for Upward Adjustment to Traditional Lodestar Calculation (the "<u>Application</u>"). In the Application CRG sought a fee enhancement of $1 million. The United States Trustee objected to the Application, arguing that the Supreme Court's decision in *Perdue v. Kenny*[1] should apply to the court's consideration of the Application and that CRG failed to meet the requirements of *Perdue*. The United States Trustee took the position at the June 8, 2010 hearing that CRG would not be entitled to a fee enhancement of $1 million even under the standards set

---

[1] 103 S. Ct. 1662 (2010).

forth in *In re Mirant*,[2] but did not otherwise brief the issue. On June 8, 2010, this court ruled that *Perdue* applied to bankruptcy fee enhancements and denied the Application. On February 14, 2011, the United States District Court for the Northern District of Texas reversed this court's decision, holding that *Perdue* does not apply outside the context of federal fee shifting statutes and remanding the Application to this court for analysis in light of the applicable authorities. Based on the District Court's guidance, this court concludes that the standard applied in *Mirant* is the appropriate standard and now applies that standard to the Application based upon the evidence presented on June 1, 2010.

In *Mirant*, Judge Lynn set forth four factors that should be considered in making an upward adjustment to the fees earned under a lodestar analysis. First, there must be a spectacular result, which the applicant helped to bring about. *In re Mirant*, 354 B.R. 113, 142-44 (Bankr. N.D. Tex. 2006). Second, the applicant must have demonstrated exceptional efficiency in performing the services and must not have been wasteful of estate resources. *Id.* Third, the applicant must have carried out its fiduciary responsibilities, including ensuring that its clients understood and carried out their fiduciary duties as well. *Id.* Fourth, the applicant must have provided high quality services at a lower cost than other comparable professionals. *Id.*

The court finds that CRG satisfied the *Mirant* factors. First, the case resulted in a 100% dividend to creditors, which is both a rare and exceptional result. That result is at least partially to the credit of CRG's management, operational improvements, business restructuring and negotiations with the various constituencies. Second, the case was completed in a year, which signals an efficient use of the bankruptcy process and a significant savings in administrative costs. Third, CRG performed its fiduciary duties to these bankruptcy estates and guided the

---

[2] 354 B.R. 113, 142-144 (Bankr. N.D. Tex. 2006), *aff'd*, 308 F. App'x 824 (5th Cir. 2009).

Debtors in doing the same. The record shows that CRG sometime made decisions and took positions that were not popular with the Debtors' management or board of directors, but which CRG believed were in the best interests of the estates. Finally, CRG performed quality work in a complex case at lower rates than other similar professionals. Each of these conclusions is bolstered by the testimony of Nancy Rapoport, Chairman of the Fee Review Committee for the Debtors.

Accordingly, the court concludes that the fee enhancement of $ 1 million should be approved under the *Mirant* standards. The court will enter a separate order implementing these findings of fact and conclusions of law.

### End of Findings of Fact and Conclusions of Law ###